IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| YOLANDA L. CAISON,<br>106 E. 7th St,<br>Front Royal, VA 22630 | )<br>)<br>)<br>) |
|    Plaintiff, | ) Case No.: |
| | ) |
|    v. | ) |
| THERMO FISHER SCIENTIFIC,<br>8365 Valley Pike,<br>Middletown, VA 22645 | )<br>)<br>) |
| | ) |
|    Defendant. | )<br>) |

**COMPLAINT**
(Jury Trial Demanded)

COMES NOW, Plaintiff Yolanda Caison (hereinafter "Plaintiff"), by and through undersigned counsel, and files this her *Complaint* for damages against Defendant Thermo Fisher Scientific (hereinafter "Defendant") and for cause would show unto the Court the following:

## PARTIES

1. Plaintiff is an adult resident of the Front Royal, Virginia.

2. Defendant is a company created licensed to do business in the Commonwealth of Virginia.

## JURSIDCITION AND VENUE

3. This is a suit to obtain relief for race discrimination under Title VII of the Civil Rights Act of 1964, as amended.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 28 U.S.C. § 2202.

5. Venue is proper in that the alleged acts occurred in the Eastern District of Virginia

## ADMINISTRATIVE REMEDIES

6.  On October 25, 2021, Plaintiff filed with the United States Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against Defendant.

7.  On November 1, 2021, the EEOC issued a Dismissal and Notice of Rights ("Right to Sue Letter").

8.  Plaintiff initiated this action within 90 days of the mailed date.

9.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

10. In October 2014, Plaintiff was hired by Defendant as a Fill Labor Pack.

11. Throughout Plaintiff's employment, Plaintiff was denied the appropriate trainings necessary to be successful in her position.

12. Because Defendant routinely denied Plaintiff's request for training, Plaintiff periodically received reprimands for errors that could have been avoided with training, such as crooked labeling.

13. Defendant provided similarly situated white employees with numerous opportunities for training.

14. In November 2017, Plaintiff was assigned the position Operator I Manufacturing (Vista).

15. In April 2021, the line was shut down due to a blockage.

16. As Plaintiff was waiting for someone to fix the machine, plaintiff was called into an office regarding a pending investigation.

17. The investigation involved a white female employee who had quit.

18. When Plaintiff informed the investigators that she did not know information regarding the situation, Plaintiff was advised to return to work until her supervisor determined what was going on.

19. Soon after, Plaintiff was advised to go home and was told she could not return until the investigation had concluded.

20. On April 27, 2021, Plaintiff was advised that she had been terminated.

21. Plaintiff was provided no reason for her termination.

22. Plaintiff's denial of training and subsequent termination was based on her race.

## COUNT I: RACE DISCRIMINATION – DISPARATE TREATMENT

23. Plaintiff adopts the above facts in support of this Count.

24. Plaintiff brings this claim under Title VII of the Civil Rights Act of 1964, as amended against Defendant.

25. Plaintiff alleges Defendant violated Title VII because Plaintiff opportunities for training that would allow her to be successful in her position.

26. Instead, Defendant routinely trained similarly situated employees who were not African American.

27. Specifically, Plaintiff's repeatedly requested to be training and each request was denied.

28. As a result of the lack of training, Plaintiff was repeatedly reprimanded for fixable errors.

29. After Defendant's failure to train Plaintiff, she was terminated from her position.

30. Such unlawful employment practice proximately caused Plaintiff to suffer economic damages.

31. Defendant is liable for its discriminatory conduct to which it subjected Plaintiff.

## COUNT II: RETALIATION

32. Plaintiff adopts the above facts in support of this Count.

33. Plaintiff alleges that she participated in a protected activity.

34. Defendant retaliated against Plaintiff for participating in the protected activity.

35. Specifically, Defendant terminated Plaintiff for her participation in the protected activity.

36. Such unlawful employment practice proximately caused Plaintiff to suffer economic damages.

37. Defendant is liable for its retaliatory conduct to which it subjected Plaintiff.


WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the entry of judgment against Defendant pursuant to an Order awarding:

    a.  Compensatory damages to be determined by the trier of fact.

    b.  Nominal damages to be determined by the trier of fact.

    c.  Punitive damages to be determined by the trier of fact.

    d.  Declaratory and injunctive relief.

    e.  That relief, which is fair, just, and equitable under the circumstances of this case.

JURY TRIAL DEMANDED

Respectfully submitted,

<div style="margin-left: 40%;">

/s/ Charles Tucker, Jr.
Charles Tucker, Jr.
Tucker Moore Group
8181 Professional Place, Suite 207
Hyattsville, MD 20785
Phone: 301-577-1175
Email: Charles@tuckerlawgroupllp.com
ATTORNEY FOR PLAINTIFF

</div>